UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richard Allen Lory,

Petitioner,

v.

Lou Stender, Warden,
Sheryl Ramstad-Hvass,
Commissioner of Corrections, and
Minnesota Department of Corrections,

Respondents.

Civil No. 00-21 (JRT/FLN)

**REPORT AND RECOMMENDATION**

---

Richard Allen Lory, pro se.

Timothy R. Faver, Beltrami County Attorney, for respondent.

---

**THIS MATTER** is before the undersigned United States Magistrate Judge on petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter was referred to the undersigned for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). Respondent filed an answer asking that the petition be denied. For the reasons stated below, it is recommended that the petition for writ of habeas corpus be **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a state prisoner currently incarcerated at the Minnesota Correctional Facility in Moose Lake. On September 26, 1999, a jury in Beltrami County District Court found Mr. Lory guilty of the offense of second degree felony murder, in violation of Minn. Stat. § 609.19(2). Mr. Lory was sentenced to a 150 month prison term.

FILED OCT 25 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Petitioner appealed his conviction to the Minnesota Court of Appeals, which affirmed the conviction on January 7, 1997. The Minnesota Supreme Court denied the petition for review of the Court of Appeals' decision on April 15, 1997. Petitioner subsequently filed a Petition for Post-Conviction Relief in the Beltrami County District Court claiming (1) that the State violated petitioner's due process rights by failing to disclose evidence in accordance with the rule of Brady v. Maryland,[1] and (2) that the conviction was based on false testimony in violation of petitioner's due process rights under United States v. Agurs.[2] The district court denied the Petition for Post-Conviction Relief, issuing its order on March 23, 1998. Petitioner appealed this decision to the Minnesota Court of Appeals, which affirmed the trial court's denial of the Petition for Post-Conviction Relief on February 10, 1998. The Minnesota Supreme Court denied petitioner's request for review on January 21, 1999.

Having exhausted his state remedies, Mr. Lory filed this federal Habeas Corpus Petition on January 5, 2000. Petitioner alleges his due process rights were violated by (1) the failure of the State to disclose evidence in accordance with the rule of Brady v. Maryland, and (2) that his conviction was based on false testimony in violation of United States v. Agurs.

## II. DISCUSSION

### A. Evidentiary Hearing

The factual basis for petitioner's claims were developed in the state court proceedings, and this matter can be decided on the record of those proceedings. Therefore, there is no need for an evidentiary hearing. 28 U.S.C. § 2254(e)(2).

### B. Standard of Review

Pursuant to the amended provisions of §2254(d), the statute governing state prisoner habeas petitions, a writ of habeas corpus may not be granted unless the state court proceedings,

---

[1] 383 U.S. 83 (1963)

[2] 427 U.S. 97 (1976)

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

State court factual findings are presumed to be correct unless the petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**B. The Rule of Brady v. Maryland**

In Brady, the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates the due process clause where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87. The Court has expanded this rule to include situations in which the defendant has not requested the Brady material, United States v. Agurs, 427 U.S. 97, 107 (1976), and to include impeachment evidence as well as exculpatory evidence. United States v. Bagley, 473 U.S. 667, 676 (1985). The Supreme Court has stated that evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id. at 682; see also Kyles v. Whitley, 514 U.S. 419, 433-34 (1995).

"There are three components to a true Brady violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State either willfully or inadvertently; and prejudice must have ensued." Strickler v. Green, 527 U.S. 263, 281-82 (1999). Further, the requirement of Brady is not violated

"unless the nondisclosure is so serious that there is a reasonable probability that the suppressed evidence would have produced a different result." Id. at 281.

In the present case, the evidence at issue is Officer Ron Peterson's status in the police department at the time he testified against petitioner. At that point, he was suspended from duty for allegedly stealing police records for personal use as a private detective.[3] The State argues that Brady did not require disclosure of this evidence as Officer Peterson was a rebuttal witness. This argument fails under both the facts and law of this case. The petitioner finally was convicted at his third trial and Officer Peterson testified at all three trials, thus an argument that Officer Peterson was merely a rebuttal witness who the prosecution was uncertain to call is in direct contradiction to the previous history. Additionally, Brady does not distinguish between witnesses on the basis of the purpose they are to serve at the trial. All Brady requires is that the evidence be favorable to the accused and exculpatory or impeaching. See Strickler, 527 U.S. at 281-82. It is clear that Officer Peterson's recent suspension would have been impeaching material for the defense.

The next issue is the suppression of the evidence. The State does not deny that the prosecutor was informed of the suspension of Officer Peterson prior to his testimony and did not disclose this fact to the defense. The motivations for this nondisclosure are irrelevant to the Brady analysis, and thus the petitioner meets the second prong. See id.

The third prong or requirement of Brady is that prejudice resulted from the nondisclosure of the evidence. The standard of prejudice for a Brady violation is that "there is a reasonable probability that

[3] Officer Peterson had been suspended three days prior to his testimony at Lory's trial and charged for misdemeanor theft.

the suppressed evidence would have produced a different result." Id. at 281. This requirement was summarized by the Supreme Court in Kyles as:

> Bagley's touchstone of materiality is a "reasonable probability" of a different result, and the adjective is important. The question is not whether the defendant would more likely or not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence. A "reasonable probability" of a different result is accordingly shown when the government's evidentiary suppression "undermines confidence in the outcome of the trial."

Kyles, 514 U.S. at 434 (quoting Bagley, 473 U.S. at 678).

In the present case, as the Minnesota Court of Appeals noted, several additional pieces of evidence corroborated Officer Peterson's testimony. Officer Peterson's testimony impeached Heather Lory's testimony that Officer Peterson had coerced her into believing that her father had intentionally killed the victim. The testimony of Heather Lory's sexual assault advocate corroborated Officer Peterson's testimony on this issue. However, even assuming *arguendo* that no corroborating evidence existed, the issue of Heather Lory's credibility (impeachment of which was the purpose of Officer Peterson's testimony) was self-impeached by her prior grand jury testimony. Officer Peterson was not a witness to the events giving rise to this crime and, thus, his credibility did not affect the jury's determination of whether Mr. Lory committed the crime charged. The only effect of Officer Peterson's testimony was to impeach the credibility of Heather Lory whose prior inconsistent statements to the grand jury already had that affect. The petitioner argues that the suppressed evidence would have supported the petitioner's theory of a police cover-up, however, the petitioner had the opportunity to argue this theory and Heather Lory was able to testify as to why her grand jury testimony was incorrect. The jury was given the opportunity to judge Heather Lory's testimony, and they made their determination. It cannot be said, and certainly the petitioner does not establish, that the additional

evidence of Officer Peterson's suspension is of such significance to conclude that it would be a reasonable probability that the jury's result would have been different. Thus, the petitioner fails to satisfy the materiality prong of Brady.

**C. Conviction based on false testimony in violation of United States v. Agurs.**

Petitioner's second argument also fails. Under United States v. Agurs, 427 U.S. 97 (1976) and its progeny, an individual's due process rights are violated if the conviction is based on false testimony that is material to the outcome of the trail. See id. at 103 (stating that the knowing use of perjured testimony requires that the conviction be set aside "if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury."). This requirement stems from the Brady rule. The petitioner's argument fails to meet either the falsity or the materiality requirement. The testimony of Officer Peterson that he was an "investigator-detective with the Beltrami County Sheriff's Department" and that he was a licensed police officer in the State of Minnesota was true. The fact that Officer Peterson was suspended did not change the truth of his testimony. Further, even assuming *arguendo* that this was false testimony, it did not go to a material fact of the case, but rather to Officer Peterson's credibility. This issue was addressed in the previous section and it need not be repeated. Petitioner does not cite to any additional testimony which he alleges was false. As the testimony Petitioner alleges is false was not false and, further, only went to the issue of credibility, it cannot be said that there is a reasonable probability that the outcome of the trial would be different if Officer Peterson's testimony would have included his suspended status. Thus, Petitioner's second argument, that he was convicted based on false testimony also fails.

In conclusion, the Petitioner's claim that his due process rights were violated under Brady fails as the undisclosed evidence did not rise to the level of materiality necessary for a violation of Brady. Petitioner's second claim that his conviction was based on false testimony also fails as the testimony of Officer Peterson was neither false nor material to Petitioner's conviction. Petitioner, therefore, fails to meet his burden of establishing that his conviction was contrary to, or involved an unreasonable application of, Federal law.

## III. RECOMMENDATION

Based upon all files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that petitioner's petition for writ of habeas corpus [#1] be **DENIED**.

DATED: October 24, 2000.

Franklin L Noel
FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.