**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

RICHARD ALLEN LORY,

Petitioner,

v.

LOU STENDER, Warden;
SHERYL RAMSTAD-HVASS,
Commissioner of Corrections; and
MINNESOTA DEPARTMENT OF
CORRECTIONS

Respondents.

Civil No. 00-21 (JRT/FLN)

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

Richard Allen Lory, #184291 Minnesota Correctional Facility, Lino Lakes, 7525 4th Avenue, Lino Lakes, Minnesota, 55014, *pro se*.

Timothy R. Faver, BELTRAMI COUNTY ATTORNEY, 207 4th Street N.W., Bemidji, Minnesota, 56601, for respondents.

This matter is before the Court on petitioner's objections to United States Magistrate Judge Franklin L. Noel's Report and Recommendation dated October 24, 2000, recommending that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. The Court has conducted a *de novo* review of petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(c) and D. Minn. LR 72.1(c)(2). For the

FILED OCT 31 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. 31
DEPUTY CLERK

reasons set forth below, the Court adopts the Report and Recommendation of the Magistrate Judge and denies petitioner's § 2254 petition.

## BACKGROUND

On August 22, 1993, petitioner and his wife learned that their fourteen-year-old daughter, Heather, had been sexually assaulted in the early morning hours of that day. Petitioner learned that some of the assailants of his daughter were from the Bradach family. Petitioner, along with his wife and daughter, went to the Bradach residence. Once at the Bradach residence, petitioner spoke with Bruce Bradach, Sr., Bruce Bradach, Jr., and Jamie Anderson. At some point, an argument broke out and petitioner retrieved his shotgun. Petitioner's wife was shot in the abdomen, Bruce Bradach, Sr., was shot in the abdomen, and Bruce Bradach, Jr., was fatally shot in the leg and chest. Two empty shotgun shells from petitioner's shotgun were the only shells retrieved from the scene.

After three trials, petitioner was found guilty by a jury of second degree felony murder in violation of Minn. Stat. § 609.19(2). Petitioner was sentenced to a 150-month term of imprisonment. The conviction and sentence were upheld by the Minnesota Court of Appeals on January 7, 1997 and the Minnesota Supreme Court denied review. Petitioner then filed a Petition for Post-Conviction Relief in the Beltrami County District Court, claiming that 1) the State violated his due process rights by failing to disclose evidence in accordance with *Brady v. Maryland*, 383 U.S. 83 (1963) and 2) the conviction was based on false testimony in violation of petitioner's due process rights

under *United States v. Agurs*, 427 U.S. 97 (1976). The district court denied the petition, as did the Minnesota Court of Appeals and the Minnesota Supreme Court.

Having exhausted his state remedies, petitioner properly filed this federal habeas corpus petition pursuant to 28 U.S.C. § 2254. As in the state post-conviction relief proceedings, petitioner alleges that his due process rights were violated because the prosecution failed to disclose impeachment evidence and because the prosecution allowed false testimony by a witness.

## ANALYSIS

### I. Standard of Review

According to 28 U.S.C. § 2254(d), an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to law, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A determination of a factual issue made by the State court is presumed to be correct and the petitioner has the burden of overcoming that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## II. *Brady* Violation

Petitioner alleges that his due process rights were violated because the prosecutor failed to disclose that Officer Ron Peterson, a criminal investigator in the case, had been suspended from his duties as an investigator with the Beltrami County Sheriff's Department shortly before he testified as a rebuttal witness to the testimony of Heather Lory. In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates the due process clause where the evidence was material either to guilty or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. Since *Brady,* the Court has expanded this rule to include situations in which the defendant has not requested the *Brady* material, *United States v. Agurs,* 427 U.S. 97 (1976), and to include impeachment evidence as well as exculpatory evidence. *United States v. Bagley*, 473 U.S. 667, 676 (1985).

There are three prongs necessary to establish a *Brady* violation: 1) the evidence must have been favorable to the accused, either because it is exculpatory or because it is impeaching; 2) the evidence must have been suppressed by the State either willingly or inadvertently; and 3) prejudice must have ensued. *Stricker v. Greene*, 527 U.S. 263, 281-82 (1999). Due process, however, does not require disclosure of everything that might possibly influence a jury. *Agurs*, 427 U.S. at 108-09. The mere possibility that undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish materiality in the constitutional sense. *Id.* at 110. Rather the standard is whether "there is a reasonable probability that, had the evidence

been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 676 (1985); *Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995) ("A 'reasonable probability' of a different result is accordingly shown when the government's evidentiary suppression 'undermines confidence in the outcome of the trial.'") (quoting *Bagley*, 473 U.S. at 678).

In his report and recommendation, the Magistrate Judge found both that the fact that Officer Peterson had been suspended from his employment duties would have been impeachment evidence for the defense and that the prosecutor had knowledge of this information prior to the time Officer Peterson testified. Nonetheless, the Magistrate Judge concluded that this evidence was not of such significance to have created a "reasonable probability" that the jury's result would have been different.

Petitioner objects to this finding by the Magistrate Judge. Petitioner contends that Officer Peterson's testimony was crucial to the prosecution's case against him and that the state's failure to disclose this information materially affected the outcome of the trial and the defense's ability to seriously impeach the officer's credibility.

Upon review of petitioner's objections, the Court agrees with the Magistrate Judge that while the evidence concerning Officer Johnson's suspension would have assisted the defense, the state's failure to disclose this evidence does not undermine the Court's confidence in the outcome of the trial. In this case, the prosecution called Officer Peterson to rebut the testimony of Heather Lory that her statement to police was coerced. A review of the record indicates that Officer Peterson's testimony was corroborated by that of another witness. Courts have found that impeachment evidence improperly

withheld was not material where the testimony of the witness who might have been impeached was corroborated by additional evidence supporting a guilty verdict. *United States v. Risken*, 788 F.2d 1361, 1375 (8th Cir. 1986). In fact, a new trial is generally not required when the testimony of the witness is corroborated by other testimony, or when the suppressed impeachment evidence merely furnishes an additional basis on which to impeach a witness whose credibility has already been shown to be questionable. *United States v. Petrillo*, 821 F.2d 80, 90 (2d Cir. 1987).

In this case, Mary (Farnham) Johnson-Csargo, the sexual assault advocate, provided rebuttal testimony which corroborated Officer Peterson's testimony. She testified that she was with Heather Lory and Officer Peterson during the initial and subsequently taped interviews, and that Officer Peterson used no influence in obtaining a statement from Heather Lory. Under these circumstances, the Court finds, as did the state district court when it denied petitioner's motion for post-conviction relief, that "[t]he magnitude of Peterson's suspension and its impeachment value is seriously eroded by the presence of another witness that corroborates Peterson's testimony."

The Court also notes that, even if Officer Peterson's testimony had been entirely discredited, there was considerable forensic and other physical evidence linking petitioner to the crime. The record provides strong support for the conclusion that petitioner was the sole shooter, even if Officer Peterson's credibility had been impeached. For these reasons, the Court cannot conclude that the state court proceedings resulted in a decision that was contrary to law or was an unreasonable application of federal law.

## III. False Testimony

Petitioner next alleges that his conviction was based on false testimony by Officer Peterson. The Due Process Clause of the Fourteenth Amendment forbids the knowing use by the state of perjured testimony. *Giglio v. United States*, 405 U.S. 150, 153 (1972). Under *United States v. Agurs*, and its progeny, an individual's due process rights are violated if the conviction is based on false testimony that is material to the outcome of the trial. *Id.* at 103. Generally, to obtain relief on a claim that the state introduced "false evidence," the petitioner has the burden of demonstrating: (1) that the witness testified falsely, (2) that the false testimony was material, and (3) that the prosecution offered the testimony knowing it to be false. *Giglio*, 405 U.S. at 153-154.

In the Court's view, petitioner has failed to show that Officer Peterson testified falsely. Peterson testified that he was an investigator-detective with the Beltrami County Sheriff's Department and that he was a licensed police officer in the state of Minnesota. The fact that he was suspended did not change the fact that this testimony was truthful. Moreover, even assuming this testimony was false, the statements did not go to a material fact of the case, but rather to Officer Peterson's credibility. Petitioner's second argument that he was convicted based on false testimony thus fails.

For all the foregoing reasons, the Court concludes, as did the Magistrate Judge, that petitioner fails to satisfy his burden of establishing that his conviction was contrary to, or involved an unreasonable application of, federal law. Accordingly, petitioner's § 2254 petition is denied.

**ORDER**

Based on the foregoing, the submissions, of the parties, and all of the files, records, and proceedings therein, the Court **OVERRULES** petitioner's objections to the Report and Recommendation [Docket No. 12, 14, 16] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 11].

**IT IS HEREBY ORDERED** that petitioner's petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Docket No. 1] is **DISMISSED WITH PREJUDICE.**

**LET THE JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 31, 2001
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:** October 31, 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.