**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

RICHARD ALLEN LORY, Civil No. 00-21 (JRT/FLN)

Petitioner,

v.

LOU STENDER, Warden;
SHERYL RAMSTAD HVASS,
Commissioner of Corrections; and
MINNESOTA DEPARTMENT OF
CORRECTIONS,

**ORDER**

Respondents.

---

Richard Allen Lory, #184291 Minnesota Correctional Facility, Lino Lakes, 7525 4th Avenue, Lino Lakes, Minnesota, 55014, *pro se*.

Timothy R. Faver, BELTRAMI COUNTY ATTORNEY, 207 4th Street N.W., Bemidji, Minnesota, 56601, for respondents.

## INTRODUCTION

Petitioner commenced this action by filing a habeas corpus petition under 28 U.S.C. § 2254, challenging his 1995 felony murder conviction. The matter was referred to United States Magistrate Judge Franklin L. Noel, who concluded that petitioner was not entitled to habeas corpus relief, and recommended that his petition be dismissed. This Court later conducted a *de novo* review of the case, adopted the Report and

FILED JAN 1 ? 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. 
DEPUTY CLERK

Recommendation, and ordered that the petition be dismissed with prejudice. Thereafter, petitioner filed a Notice of Appeal, which the Clerk of Court construed to be a request for a Certificate of Appealability as well. For the reasons discussed below, the Court concludes that petitioner is not entitled to a Certificate of Appealability in this matter.

## DISCUSSION

A state prisoner is not permitted to appeal a final order denying a petition for habeas corpus relief under 28 U.S.C. § 2254 without first securing a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a **substantial showing** of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); *see also*, *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. *Kramer v. Kemna*, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir.), *cert. denied*, 513 U.S. 946 (1994), citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (*per curiam*); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 119 S. Ct. 89 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that

the petitioner presents a colorable issue worthy of an appeal." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (*per curiam*). *See also Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983).

Because the instant petitioner has not identified any specific issue for which he believes a COA should be granted, the Court is forced to assume that he wants a COA for the same two claims raised in his habeas corpus petition, to wit:

> (1) that he was denied due process because the prosecution failed to disclose evidence that could have been used to impeach a certain prosecution witness, and
>
> (2) that he was denied due process because the prosecution knowingly introduced false testimony.

The Minnesota state courts considered and rejected both of petitioner's due process claims on the merits, (*see Lory v. State*, No. C9-98-906 (Minn. App. Nov. 10, 1998), 1998 WL 804711, review denied Jan. 21, 1999), and this Court has found no error in the state courts' resolution of those claims. To prevail on appeal, petitioner would have to convince the Court of Appeals that, with respect to at least one of his two claims, the state appellate court decisions upholding his conviction were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Petitioner has not shown that he has any realistic chance of satisfying that standard. He has offered no reason to think that any other court

-- including the Eighth Circuit Court of Appeals -- could decide either of his claims any differently than they were decided here. Furthermore, the Court cannot independently identify anything novel, noteworthy or worrisome in petitioner's case, which might cause it to warrant appellate review. Thus, the Court concludes that petitioner has not made "a substantial showing of the denial of a constitutional right" in this case, and that he is not entitled to a COA.[1]

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that petitioner shall **NOT** be granted a Certificate of Appealability in this matter.

DATED:
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge

[1] The Court notes that if Petitioner intends to seek appellate review of this order, he presumably will have to either pay the full $105 filing fee for an appeal, or else request (and be granted) leave to proceed in forma pauperis, ("IFP"). To date, he has not applied for leave to proceed IFP on appeal. (He could, of course, elect to pay the full filing fee at the appellate court level, in which case there would be no need for him to seek IFP status.) Therefore, Petitioner's eligibility for IFP status is not now before the Court, and will not be decided here.